JOAQUÍN QUIÑONES CARRASQUILLO, Plaintiff and Appellant-Appellee, v. MARÍA QUIÑONES CARRASQUILLO ET AL., Defendants and Appellees-Appellants.

No. 5164. Argued May 22, 1930.—Decided May 21, 1931.

R. A. *Arroyo Ríos* for appellant-appellee. *González Fagundo & González Jr.* for appellees-appellants.

MR. JUSTICE TEXIDOR delivered the opinion of the Court.

Joaquín Quiñones Carrasquillo, the plaintiff in the present case, alleged that he and defendants María Georgina, Vicente, Manuel, Monserrate, and Guillermo Quiñones Carrasquillo are the only heirs of Vicente Quiñones Dávila, who were declared as such by the District Court of Humacao, and that defendant Angel Guardiola is the judicial administrator of the estate of the said Vicente Quiñones; that pursuant to an order made by the District Court of Humacao in the administration proceedings and on motion of the said administrator, the marshal of said court dispossessed the plaintiff of a house built of native lumber, a mare, a horse, four yoke of oxen, two carts, two plows, and a two-acre sugar-cane plantation, exclusively belonging to the plaintiff; that the defendants, by means of false statements, obtained from the court the order to deprive the plaintiff of the possession of said property and to convey the same

to the judicial administrator, thereby causing damage to the plaintiff in an amount exceeding $500.

The defendants demurred to the complaint for lack of facts sufficient to constitute a cause of action. The demurrer was overruled, and thereupon the defendants answered and denied each and every allegation of the complaint.

In its statement of the case and opinion filed the trial court, after weighing the evidence, concluded that the following property belongs to the plaintiff and must be returned to him:

(a) The frame house, with corrugated-iron roof, as it was shown that the plaintiff had bought the lumber from the firm of J. Bird & León, and paid the carpenter, Jesús Algarín, for the work.

(b) Three of the oxen seized, of which one is branded with the letters J. Q., another with several letters which do not correspond with those of the parties to this litigation, and another without any brand; which animals were in the possession of the plaintiff. Three defendants stated that two of the four yoke of oxen did not belong to them.

(c) One of the carts, to which the above statement of the defendants applies.

(d) The light-gray horse which is branded with the letters J. Q.

(e) The sugar-cane plantation, because Vicente Quiñones having died on January 5, 1926, and the cane claimed herein having been seized in January, 1927, the latter is not the same plantation.

The remaining property was held to belong to the defendants.

In conformity with the said opinion, a judgment was rendered, from which the plaintiff appealed. The defendants, Agustín Guardiola, and María, Georgina, and Manuel Quiñones, appealed from that part of the judgment which sustained the complaint in part.

Appellant Joaquín Quiñones assigns six errors: One

based on the weighing of the evidence; two relating to rulings in regard to the evidence; and three concerning infringements of the law.

The second and third assignments read as follows:

"The Court erred by infringing section 1365 of the Civil Code.
"The Court erred by infringing section 1856 of the Civil Code."

It is true that said section 1365 provides, as the appellant claims, that a thing sold shall be considered as delivered when it is placed in the possession of the vendee. But it does not appear from the statement of the case and opinion that the oxen in question had been the subject matter of any specific contract of sale. The court rests its finding regarding the yoke of oxen on the reasoning set forth in its statement of the case and opinion, thus:

"In connection with the four yoke of oxen claimed, it appears from the return of the marshal attached to the record of the administration proceeding instituted by María Quiñones Carrasquillo (case No. 11298), that four of the oxen in question, to wit, those known as Víbora, Batallón, Mariposa, and Borinquen, are branded on top of other brands with the number 37 which, according to the evidence of the defendants, was the brand used by the decedent, Vicente Quiñones Dávila, and for that reason we find that the same belong to the succession."

We might perhaps concede that the ground on which the court based the above conclusion is not very strong. But this is not the point in controversy. The appellant Joaquín Quiñones confines himself to the argument that the animals bought by him were delivered to him on receipt of the purchase price, and that such fact should have been taken into account by the judge in deciding as to the ownership. It rather seems that the appellant meant to assign as error the weighing of the evidence than otherwise.

The third assignment of error is based on such possession.

We do not feel bound to search, page by page, the stenographic record of 262 pages in order to find what the appel-

lant did not care to point out specifically. However, this will not prevent us, in passing upon the first assignment of error, from studying the evidence and determining whether or not the district judge correctly weighed the same.

But as we have before us the appeal of the defendants in which the weighing of the evidence is attacked, we think it advisable to consider here such evidence in its entirety.

In regard to the ownership of the house, the plaintiff showed that he had caused it to be built at his expense, paying for the materials and for the work. His testimony to that effect was corroborated by other oral and documentary evidence introduced, and the finding made in this respect is supported by such evidence.

Similarly, the finding made as to the ownership in the plaintiff of the sugar-cane plantation measuring nearly two acres, is correct and is based on evidence sufficiently clear and convincing.

As regards the ownership of the four yoke of oxen, the white mare with colt, and the light-gray horse, it must be admitted that there can hardly be found a longer, more confusing, and more contradictory evidence than that introduced in this suit. On the one hand, the plaintiff stated that he had bought the animals in question from a certain person who, in turn, testified strongly in the affirmative on direct examination, and rather weakly and vaguely when cross-examined. Further on, there appear in the testimony contradictions and incoherent statements which place the judge in a difficult situation.

The district court has weighed such testimony, as far as this is humanly possible, and then resorted to other evidence, for instance, the cattle brands; and its judgment is the result of these elements of proof. We have repeatedly stated that in the absence of a showing of passion, prejudice or bias, or manifest error, we will not disturb the findings made by the court *a quo*. In the present instance, where there is not the slightest ground for suspecting the influence of pas-

sion, prejudice or bias, and in which the record does not show manifest error in the weighing of the evidence, we uphold the action of the district court.

The above considerations apply to the weighing of the evidence as regards the carts and plows.

This part of our opinion applies to the first, second, and third assignments of error in the brief of Joaquín Quiñones, and to the only assignment made by the defendants who are also appellants.

The fourth error assigned by Joaquín Quiñones is formulated thus:

"The Court erred by infringing subdivisions 8 and 11 of section 102 of the Law of Evidence."

Under this assignment the appellant analyzes the probative value of the disputable presumptions enumerated in said section.

A disputable presumption creates probabilities that might become evidence if such presumption remains uncontroverted. If contradicted, the presumed fact loses its character of presumptive truth and becomes a fact to be proven. In this case the delivery of certain property to Joaquín Quiñones and his possession or occupancy thereof, as soon as a legal controversy arises in regard to its existence or legitimacy, becomes a fact to be proven, and the judge must be guided, as he was in the present case, by the result of the evidence and not by the presumption.

Appellant Joaquín Quiñones assigns as error the admission by the court of a deed of chattel mortgage.

Apart from the circumstance that such a deed has not at all influenced the mind of the judge, as revealed by a reading of his opinion, the evidence that Vicente Quiñones Dávila owned at that time certain cattle which he pledged is admissible in a case like the present one. It is obvious that if through some defect or otherwise such evidence established nothing, it has served no purpose; but neither has it

prejudiced the appellant. The chances of a judge being misled by reason of such an instrument as that are negligible. Perhaps it might be otherwise in the case of a jury, but such is not the case now.

On rebuttal, there was offered as evidence for the plaintiff a certificate of the municipal secretary of Fajardo to show that Vicente Quiñones Dávila used two letters as a cattle brand; and upon the objection of the defendants, this evidence was excluded.

The following is the incident that occurred during the submission of the evidence, as shown by the stenographic notes:

"Attorney González.—We are now going to introduce in evidence a certificate issued by the secretary of the municipal council of Fajardo to prove that in 1902 Vicente Quiñones used as cattle brand these letters which appear printed here in ink.

"Attorney Arroyo.—Your Honor, we object to the admission of that evidence on the same ground that we objected to the testimony of Vicente Quiñones Carrasquillo: because this is evidence in rebuttal of statements or testimony given by our witnesses and which has been brought out for the first time on examination by the other party, and it has not been shown that this brand was precisely that used by Vicente Quiñones Dávila.

"Attorney González.—Your Honor, such is the case, because they have stated that he used to brand his cattle with the number '37'.

"Judge.—But it was brought out by the plaintiff on cross-examination. The objection is sustained.

"Attorney González.—Then I take an exception and I want the document to go into the record in case there is an appeal and if I lose—which I hope not—I will raise that question. I submit the case to the court because questions of fact are involved."

This evidence, which can not be considered as important, might have been produced on direct examination, and it should have been so produced from the way the issue was presented. We do not think that the denial of the admission was error or that it prejudiced the plaintiff who has assigned this point as error.

We find that the errors assigned by both parties appellant are without merit.

The judgment appealed from must be affirmed.